UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURIE A. SHEPARD,

    Plaintiff,                            Case No. 12-CV-15021
                                                Honorable Denise Page Hood

v.

U.S. BANK NATIONAL ASSOCIATION,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS [#5] AND ORDER DISMISSING ACTION**

**I.    BACKGROUND**

This matter was removed from the Wayne County Circuit Court, State of Michigan on November 13, 2012. Plaintiff Laurie Shepard filed a Complaint against Defendant U.S. Bank National Association alleging: Quiet Title (Count I); Assignment of the Mortgage Without the Note (Count II); Unjust Enrichment (Count III); Breach of Implied Agreement/Specific Performance (Count IV); and, Breach of M.C.L. § 600.3205(c) (Count V). **[Docket No. 1]**

The real property at issue is commonly known as 22319 Watsonia, Dearborn, MI, 48128. **[Compl. ¶ 2 ]** Plaintiff purchased the property and is currently residing in the subject property. **[Compl. ¶ 5]** Plaintiff asserts that she attempted to obtain a

loan modification and/or negotiate in good faith a settlement for the subject property. **[Compl. ¶ 6]** However, a Sheriff's Sale was held in 2012. **[Compl. ¶ 7]** Plaintiff asserts that she attempted in good faith to continue with the settlement process, but to no avail. **[Compl. ¶ 8]** The redemption period after the Sheriff Sale has expired and Plaintiff now asserts that Defendant must be ordered to continue processing the Loan Modification and/or negotiate in good faith a settlement on the subject property. **[Compl. ¶¶ 9-10]**

In lieu of an Answer, Defendant filed a Motion to Dismiss. **[Docket No. 5, Filed November 20, 2013]** A response and reply to the response have been filed. **[Docket No. 7, Filed December 3, 2012; Docket No. 8, Filed December 12, 2012]**

**II.    ANALYSIS**

    **A.    Standard of Review**

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555 (internal citations

omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion — even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

### B. Quiet Title (Count I), Unjust Enrichment (Count III), Breach of Implied Agreement/Specific Performance (Count IV) & Violation of Mich. Comp. Laws § 600.3205(c) (Count V)

Plaintiff contends that she "attempted to get a loan modification and/or negotiate in good faith a settlement" for the property but Defendant decided to move forward with a Sheriff Sale. Plaintiff argues that even after the Sheriff's Sale, she continued to move forward with a Settlement for the property to no avail and though the redemption period has expired, Defendant should be ordered to continue the processing of the Loan Modification or, in the alternative, negotiate in good faith a settlement so that she can regain ownership of the property. Plaintiff requests that the Court grant her all legal title to the property, damages, costs and attorney's fees, and any other relied the court deems appropriate on claims of Quiet Title (Count I), Unjust Enrichment (Count III), Breach of Implied Agreement/Specific Performance (Count IV), and Breach of Mich. Comp. Laws § 600.3205(c) (Count V). In response,

Defendant argues that Counts I, III, IV, and V of Plaintiff's Complaint must be dismissed arguing "(1)Mich. Comp. Laws §§ 600.3205(a)-(c) do not apply because Plaintiff did not homestead the property; (2) Plaintiff has otherwise not made a 'clear showing' of fraud or irregularity to set aside a completed foreclosure sale; (3) the statute of frauds would bar any allegation of an oral promise to modify a loan; and (4) the remedies contained in Mich. Comp. Laws § 600.3205(c) must be exercised before the foreclosure sale." **[Def. Mot. at 4]**

### i. Standing

Though neither party has addressed the issue, as an initial and threshold matter, standing is required to bring suit regarding the legality of a foreclosure sale. Under Michigan law, property owners are generally not permitted to assert claims related to a foreclosed property after the redemption period has expired. *See Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 4 N.W.2d 514, 517 (1942) (explaining that, under Michigan law, all of plaintiff's rights in and to the property are extinguished after the expiration of the redemption period). The Court of Appeals has noted the confusion regarding standing and foreclosure claims, *see, e.g., Munaco v. Bank of Am.*, No. 12-1325, 513 Fed. Appx. 508, 511, 2013 WL 362752, at *2 n.2 (6th Cir. Jan. 31, 2013) (collecting cases explaining the confusion about this concept and noting that "[u]se of the term 'standing in this context is misleading'"), and determined that in a

Michigan wrongful-foreclosure case, Article III standing is satisfied "when there is a concrete, particularized, and actual injury that is fairly traceable to the challenged action of the defendants and capable of being redressed by a favorable decision." *El–Seblani v. IndyMac Mortg. Servs.*, No. 12–1046, 510 Fed. Appx. 425, 427-28, 2013 WL 69226, at *2 (6th Cir. Jan. 7, 2013) (internal quotation marks omitted). The Court of Appeals has also noted that with respect to statutory standing, whether a Michigan plaintiff asserting a wrongful-foreclosure claim after expiration of the redemption period lacks standing or instead loses his or her case on the merits "does not turn on the standing doctrine." *Houston v. U.S. Bank Home Mortg. Wisc. Servicing*, 505 Fed. Appx. 543, 547-48 (6th Cir. 2012). Though the Court determines that in this case, Article III standing exists, because Plaintiff fails to state a claim upon which relief can be granted, Plaintiff's Complaint must be dismissed. The court will discuss each claim separately below.

### ii. Quiet Title (Count I)

First, Plaintiff alleges that she should be granted legal title of the property based on a claim to quiet title. In Michigan, a party seeking to quiet title must allege: "a) the interest the plaintiff claims in the premises; b) the interest the defendant claims in the premises; and c) the facts establishing the superiority of the plaintiff's claim." M.C.R. § 3.411(B)(2). The plaintiff has the burden of proof and must make out a prima facie

case of title. *Beulah Hoagland Appelton Qualified Pers. Residence Trust v. Emmet County Road Comm'n*, 236 Mich. App. 546, 550 (1999).

In her Complaint, Plaintiff states that Defendant intentionally precluded her from entering into a loan modification and negotiating a settlement to retain title to the property. Further, she claims that Defendant "made false and misleading representations of material facts in connection with the loan modification process and status" and she "relied on their material representations[] that the loan modification would prevent foreclosure" of the property. Plaintiff has shown the interest she claims in the property, ownership prior to what she believes was a wrongful foreclosure sale. She also notes that the Sheriff's Sale has taken place and that the redemption period has expired, showing the interest Defendant claims in the property. However, what Plaintiff has failed to show are " facts establishing the superiority of the [her] claim."

First, as noted by Defendant, Plaintiff failed to homestead the property. Though Plaintiff notes that she purchased the property and there is evidence in the record that she was living in the property at the time that she filed her Complaint **[Compl. ¶ 5; Def. Ex. K]**, there is no evidence on the record that Planitiff made the property her legal "homestead." Michigan Compiled Laws § 600.3204(4) provides that "[a] party shall not commence proceedings under this chapter to foreclose a mortgage of property claimed as a principal residence exempt from tax under section 7cc of the

general property tax act, 1893 PA 206, M.C.L. 211.7cc . . . ."[1] There is no indication in the record that at the time of the foreclosure, Plaintiff claimed the property as her principal residence.

Further, M.C.L. § 600.3204(4) states that a property claimed as a mortgagor's homestead should not be foreclosed by advertisement if certain situations exist. In this case, Plaintiff's Complaint references, though not directly stating, that part of one of the excepted situations exists, specifically that "[t]he mortgagor and mortgagee . . . agreed to modify the mortgage loan." M.C.L. § 600.3204(4)(f) However, the section also notes that this applied to mortgagors who are *"not in default under the modified agreement." Id.* (emphasis added). Though there is written evidence of an agreement between the parties to modify the loan **[Def. Ex. E]**, Plaintiff subsequently defaulted on the modified agreement. **[Def. Ex. F]** Therefore, even if the Court was to view the property as Plaintiff's homestead for the purposes of providing relief — though there is no evidence in the record that Plaintiff made the property her legal homestead — Plaintiff's situation does not fall within this exception because of her subsequent default on the modified loan.

---

[1]"An owner of property may claim 1 exemption under this section by filing an affidavit ... with the local tax collecting unit in which the property is located. " Mich. Comp. Laws Ann. § 211.7cc.

Further, the Court cannot determine that Defendant made "material representations[] that the loan modification would prevent foreclosure" because Plaintiff defaulted on the modification and provided no evidence of a new, written loan modification. The Michigan statute of frauds, M.C.L. § 566.132, precludes a party from bringing any claim against a financial institution to enforce the terms of an oral promise, including alleged promises by the lender to enter into a loan modification agreement or to forbear from foreclosure. *See Snell v. Wells Fargo Bank,* 2012 WL 1048576, at *6 (E.D. Mich. Mar. 28, 2012)(unpublished); *Meyer v. Citimortgage, Inc.,* 2012 WL 511995, at *9 (E.D. Mich. Feb. 16, 2012)(unpublished). Plaintiff failed to submit any documents to support her assertions that Defendant promised to enter into a new loan modification agreement after notifying Plaintiff that she was in "breach of [her] mortgage" **[Def. Ex. F]** and subsequently notifying Plaintiff of a Sheriff's Sale. **[Def. Ex. H]**.

Lastly, a review of Plaintiff's Complaint fails to show that she has sufficiently alleged any fraud committed by Defendant. The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time, place, and content of the alleged misrepresentation on which they relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. *See, Yuhasz v. Brush Welman, Inc.,* 341 F.3d 559, 563 (6th Cir. 2003). Michigan law does not "allow an

9

equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Overton v. Mortg. Elec. Registration Sys.,*, 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009). Plaintiff's response does not cure this deficiency as it also fails to specify any fraud committed by Defendant.

Because Plaintiff has not shown in her Complaint that her claim is superior to that of the Defendant's interest in the property, has failed to homestead the property and defaulted on the loan modification agreement, has failed to provide any written evidence of a subsequent agreement to modify her loan, and has failed to allege fraud with the particularity required, Plaintiff has not given the Court reason to deem Defendant's property interest void and grant her legal title to the property on a quiet title claim. Therefore, Count I, the Quiet Title claim, must be dismissed for failure to state a claim upon which relief may be granted.

> **ii. Unjust Enrichment (Count III); Breach of Implied Agreement/Specific Performance (Count IV)' and M.C.L. § 600.3205(c)**

In the same manner, Plaintiff contends that she is entitled relief because

Defendant has been "unjustly enriched in excess of $25,000.00[2]," Defendant has breached an implied agreement to modify her loan or negotiate in good faith a settlement, and Defendant is in breach of M.C.L. § 600.3205(c). However, these claims must also be dismissed for failure to state a claim upon which relief may be granted.

The elements of a claim for unjust enrichment are: 1) receipt of a benefit by the defendant from the plaintiff and 2) an inequity resulting to plaintiff because of the retention fo the benefit by defendant. *Dumas v. Auto Club Ins. Ass'n,* 437 Mich. 521, 546 (1991). In such instances, the law operates to imply a contract in order to prevent unjust enrichment. *Barber v. SMH (US), Inc.,* 202 Mich. App. 366, 375 (1993). However, a contract will be implied only if there is no express contract covering the same subject matter. *Id.*

In this case, there was an express written agreement between the parties regarding the mortgage of the property at issue. Defendant attached the mortgage document to the Motion to Dismiss. **[Def. Ex. B]** Following Plaintiff's default on the mortgage, Plaintiff and Defendants entered into a new agreement regarding the mortgage by executing a Loan Modification Agreement dated July 1, 2011. **[Def. Ex.**

---

[2] The court notes that Plaintiff gives this dollar amount without any explanation of how she computed it as the amount lost.

**E]** Because there are express written agreements between the parties that govern the terms of the mortgage of the property at issue and Plaintiff has provided the court with no written evidence of an agreement for a second loan modification, the Court cannot imply an agreement wherein Plaintiff may assert an unjust enrichment claim. Therefore, Count III, the Unjust Enrichment claim, must be dismissed for failure to state a claim upon which relief may be granted.

Similarly, Count IV must be dismissed because there can be no implied agreement regarding the loan modification under the statute of frauds. Plaintiff asserts that Defendant made misrepresentations and committed fraud when they failed to enter in to a new loan modification agreement or negotiate a settlement that would allow her to keep the property. However, based on the statute of fraud analysis above, Plaintiff's implied agreement/specific performance claim is barred. Plaintiff's allegations of misrepresentations and fraud must be dismissed for the same reasons set forth above for failure to specifically allege fraudulent acts by Defendant. As noted above, the Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time, place, and content of the alleged misrepresentation on which they relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. *Yuhasz,* 341 F.3d at 563. Plaintiff has not sufficiently alleged any misrepresentation or fraud claims against Defendant. Count IV, the

implied contract claim, must be dismissed for failure to state a claim upon which relief may be granted.

Lastly, Defendant asserts that Plaintiff's claims under Count V must be dismissed because M.C.L. § 600.3205(c) does not apply as Plaintiff did not homestead the property. Even if M.C.L. § 600.3205(c) did apply, Defendant argues that it is too late to invoke it as a remedy because protection under the provision must be exercised prior to a foreclosure sale. Plaintiff responds that Defendant must provide loan modification under the statute because she requested the loan modification prior to the foreclosure sale.

In this case, as alleged by Plaintiff in her response, a foreclosure (by advertisement) was instituted on the property at issue pursuant to M.C.L. § 3204. M.C.L. § 600.3205(c) provides the procedure for requesting a loan modification. Subsection (1) provides that a "[i]f a borrower . . . contact[s] a person designated under section 3205a(1)(c) . . . , the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification." M.C.L. § 600.3205(c)(1). If the borrower is eligible for a loan modification, the lender may not initiate foreclosure proceedings unless the lender has offered the loan modification program and the borrower failed to accept the agreement within in 14 days. *Id.* at 600.3205(c)(7). If foreclosure proceedings are initiated in

violation of this statute, the borrower may ask the circuit court to convert the foreclosure proceeding into a judicial foreclosure. *Id.* at 600.3205c(8). However, section 600.3205c does not authorize a court to set aside the foreclosure. *See, Adams v. Wells Fargo Bank*, 2011 U.S. Dist. WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) (unpublished)(Section 600.3205c "allows specified borrowers to convert a foreclosure by advertisement to a judicial foreclosure; it does not allow those borrowers to avoid foreclosure altogether or set aside a completed foreclosure."), *see also Awad v. General Motors Acceptance Corp.,* 2012 WL 1415166, at *2 (Mich. App. Apr. 24, 2012) (unpublished) (A plaintiff's suit does not toll the redemption period.). Remedy under the provision must be sought prior to the foreclosure sale.[3]

Furthermore, Plaintiff has already received the benefit of the provision as following her first default, Defendant entered into a Modified Loan Agreement which

---

[3]*See Stein v. U.S. Bancorp*, 2011 U.S. Dist. LEXIS 18357, *29, 2011 WL 740537 ( E.D. Mich. Feb. 24, 2011)

> The remedy available to the Steins under this provision . . . was one that they were required to specifically seek out prior to the consummation of the foreclosure by advertisement. The provision allows certain borrowers to determine the type of foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure. Moreover, there is no evidence that the Steins availed themselves of this provision while they retained title, rights, or an interest in the property. Their failure to do so cannot constitute the type of fraud, accident, or mistake that would be required to set aside the foreclosure.

*Id.*

14

Plaintiff defaulted. Although the redemption period had not expired when Plaintiff filed the instant suit, the Sheriff's Sale had occurred. The redemption period cannot be tolled and the statute only provides that the lender negotiate with a borrower; it does not mandate the lender to provide a loan modification. Count V, the M.C.L. § 600.3205(c) claim, must be dismissed for failure to state a claim upon which relief may be granted.

### C. Assignment of the Mortgage Without the Note (Count II)

Plaintiff's remaining claim is that because Defendant does not possess the Promissory note that was secured by the bank, she should receive all payments that were made on the mortgage loan. **[Compl. ¶¶ 19-26]** However, Defendant has provided the Court with evidence that a Note was endorsed by Approved Mortgages to Defendant on the day of closing. **[Def. Ex. A]** Furthermore, Defendant is the mortgagee of record **[Def. Ex. C at 5]** and "the Legislature's use of the phrase 'interest in the indebtedness' to denote a category of parties entitled to foreclose by advertisement indicates the intent to include mortgagees of record among the parties entitled to foreclose by advertisement . . . ." *Munaco v. Bank of Am.*, 513 F. App'x 508, 513 (6th Cir. 2013) (citation omitted). Because Defendant was assigned the mortgage and is the mortgagee of record, and "mortgagees of record may commence foreclosure by advertisement," *id.*, Count II, Assignment of the Mortgage Without the

15

Note, must be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Defendant's Motion to Dismiss **[Docket No. 5, Filed November 20, 2012]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

S/Denise Page Hood<br>DENISE PAGE HOOD<br>United States District Judge

DATED: October 4, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 4, 2013, be electronic and/or ordinary mail.

S/Holly Monda for LaShawn Saulsberry<br>Case Manager